**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBORAH J. LIVINGSTON; DENA SCROGGINS; ROBERT N. LAMOUREUX; Individually and on behalf of all others similarly situated; and TAMMY K. JENKINS, Administrator and Representative of the Estate of Thomas Jenkins,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUSTCO BANK, A FEDERAL SAVINGS BANK,<br><br>    Defendant. | Case No.: 1:20-cv-1030 (GTS-ML) (Lead Case); Consolidated With Case No.: 1:21-cv-336 (GTS/ML) (Member Case) and Case No.: 1:21-cv-238 (GTS/ML) (Member Case) |

**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

The Court, having considered the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, all supporting documents thereto (collectively, the "Motion"), and the Settlement Agreement and Release (the "Settlement" or "Agreement"), finds and orders as follows:

1. This Order incorporates by reference the definitions in the Agreement, dated February 9, 2024, entered into between the Parties, and all terms used herein shall have the same meaning as set forth in the Agreement.

2. The Court has reviewed the Agreement and finds that the Settlement memorialized therein is fair and adequate and meets the requirements for Final Approval. The Settlement appears to be reasonable in light of the risk inherent in continuing with litigation. The Court also notes the Settlement is a non-reversionary one where no money from the $2,750,000.00 Settlement Fund will be returned to the Defendant, and was the product of an arm's length negotiation involving experienced counsel and the assistance of a mediator.

3. The Court finds that the Settlement Class meets all the requirements for class certification for settlement purposes only, under Federal Rule of Civil Procedure 23 and applicable

case law. Accordingly, the Court certifies the Settlement Class, which is defined as follows:

> [A]ll Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged two or more NSF Fees or an NSF Fee followed by an Overdraft Fee on the same ACH transaction or check (the "Retry NSF" Class); and, all Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account (the "APPSN" Class).

Excluded from the Settlement Class is Trustco Bank, its parents, subsidiaries, affiliates, officers and directors; all customers who made a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

4. The Court, solely for purposes of this Settlement, finds that (a) the members of the Settlement Class are so numerous that joinder of all members would be impracticable, (b) the Action and proposed settlement raise issues of law and fact common to the claims of the Settlement Class members, and these common issues predominate over any issues affecting only individual Settlement Class members, (c) the Plaintiffs' claims are typical of the claims of the Settlement Class, (d) in prosecuting this Action and negotiating and entering into the Agreement, the Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the Settlement, and (e) a class action is superior to other methods available for adjudicating the controversy.

5. The Court appoints, for settlement purposes only, Deborah Livingston, Dena Scroggins, Robert Lamoureux, and Tammy Jenkins as the Class Representatives of the Settlement Class.

6. The Court finds, for settlement purposes only, that Taras Kick of The Kick Law Firm, APC is a qualified and experienced attorney capable of adequately representing the Settlement Class, and he is finally approved as Class Counsel.

7. This certification of the Settlement Class, under this Order, is for settlement purposes only and shall not constitute, nor be construed as, an admission by the Defendant in this

Action that a class is certifiable for any other purpose or that any other proposed class action is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23 or any similar statute, rule or common law. The entry of this Order is without prejudice to the rights of the Defendant to oppose class certification in this action, should the Settlement not be implemented for any reason, or to terminate the Agreement, as provided therein.

8. The Court finds that the Notice Program administered by Simpluris, Inc. satisfied the requirements of the Federal Rules of Civil Procedure, constitutional due process, and all other applicable laws; complied with the Settlement Agreement and the Preliminary Approval Order; employed the best methods practicable under the circumstances; and constitutes due and sufficient notice to all persons entitled thereto.

9. Class Counsel are awarded $916,666 in attorneys' fees and $36,234.57 in litigation expenses. The Court finds that the awarded amount of attorneys' fees is reasonable for the reasons articulated in Plaintiffs' Motion.

10. Each of the Class Representatives is awarded a Service Award of $10,000 in recognition of their time and effort spent on behalf of the Settlement Class and the risks they undertook in prosecuting the Action.

11. Payment of the administration costs of Simpluris, Inc., from the Settlement Fund in the amount of $45,000 is approved.

12. If the Settlement is not consummated for any reason whatsoever, the Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Agreement, except as otherwise provided in the Agreement.

13. Other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, all proceedings in this Action are hereby stayed and suspended until further order of the Court.

14. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Agreement.

15. The Parties are directed to take all necessary and appropriate steps to implement the Agreement according to its terms.

16. The Motion is GRANTED.

17. The Parties have notified the Court that Defendant served notice of this Settlement to the appropriate State and Federal officials on November 12, 2024 pursuant to 28 U.S.C. § 1715. Accordingly, the Court holds this Order in abeyance until February 10, 2025 to accommodate the 90-day notice period under 28 U.S.C. § 1715(d). Notwithstanding any provision of the Settlement Agreement to the contrary, Defendant shall transfer the Settlement Fund to the Settlement Administrator pursuant to paragraph 7(a) of the Agreement within three (3) days of entry of this Order; the service awards due to the Class Representatives shall be paid within ten (10) days of entry of this Order; the Settlement Administrator's fees shall be paid within ten (10) days of entry of this Order; and payments to individual class members pursuant to paragraph 7(d)(iv)(3) of the Agreement shall be issued within ten (10) days of entry of this Order.

**IT IS SO ORDERED.**

Date: February 11, 2025
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

4